IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:12-cv-00931 (EGS) |
| v. ) | |
| ) | |
| CONSUMER FINANCIAL ) | |
| PROTECTION BUREAU, ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Judicial Watch, Inc., by counsel, respectfully notifies the Court of the attached United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") opinion issued on Tuesday, April 2, 2013 in *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, *U.S. App. LEXIS* 6540 (April 2, 2013) ("*CREW*"), attached hereto as Exhibit A.  Therein, the D.C. Circuit rejects the argument made by Defendant Consumer Financial Protection Bureau ("CFPB") that Plaintiff had filed its lawsuit prematurely because the CFPB had indicated it would comply with Plaintiff's Freedom of Information Act ("FOIA") request within the twenty working day time period allowed by 5 U.S.C. § 552(a)(6)(C)(i) and had made a partial release of documents, but had not made its final release of documents or informed Plaintiff of its right to administratively appeal.   Plaintiff argued the claim was ripe for review because "[a]gencies cannot shut off judicial review by producing a single responsive document or handful of responsive documents and promising a full production at some later, unidentified date." *See* Plaintiff's Reply to Defendant's Opposition to Cross Motion at 2, (March 28, 2013, ECF No. 20).  The decision in *CREW* resolves the question in Plaintiff's favor.

1

The D.C. Circuit concludes that an agency cannot make a "determination" and therefore "trigger the administrative exhaustion requirement" without "inform[ing] the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW* at *21-22. The D.C. Circuit also explains that,"[a]s to actual production, FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Id*. at *22. An agency has only twenty working days (or thirty working days in "unusual circumstances") to make a "determination." *Id*. After this time period, an agency cannot trigger the exhaustion requirement before suit can be filed: "if the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting to court." *Id*. at *23.

Therefore, in this case, as the CFPB had still not informed Plaintiff of its right to administratively appeal when it filed suit, months after the twenty working day deadline under FOIA had expired, Plaintiff should be deemed to have exhausted its administrative appeals remedies under § 552(a)(6)(C)(i), and its claim is ripe for review.

Dated: April 4, 2013                                      Respectfully Submitted,

                                                          /s/ Julie Axelrod
                                                          D.C. Bar No. 1001557
                                                          JUDICIAL WATCH, INC.
                                                          425 Third Street SW, Suite 800
                                                          Washington, DC 20024
                                                          (202) 646-5172

                                                          *Counsel for Plaintiff*